IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| NOEL THOMAS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 18-445-TFM-N |
| | ) | |
| NORTH CAROLINA MUTUAL | ) | |
| LIFE INSURANCE COMPANY *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This action is before the Court on the Show Cause Order (Doc. 10) and the *pro se* Plaintiff, Noel Thomas' ("Thomas") response thereto. (Doc. 11). This matter is now ripe for consideration and has been referred to the undersigned Magistrate Judge for entry of a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B)-(C) and Federal Rule of Civil Procedure 72(b). Plaintiff filed a Motion to Proceed Without Prepayment of Fees ("motion"), which was granted by the Court. (Docs. ) By filing this Motion, Plaintiff is requesting the Court to grant him *in forma pauperis* status under 28 U.S.C. § 1915. A plaintiff proceeding under this section submits his Complaint for screening under § 1915(e)(2)(B) to determine if the Complaint should be dismissed because it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a person immune from such relief. *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 202)(affirming the application of 28 U.S.C. § 1915(e)(2)(B) to non-prisoner actions).

In screening this action, the Court questioned whether it had subject matter jurisdiction over Plaintiff's action, and after reviewing the Complaint and Plaintiff's response to the Court's Order to Show Cause, the undersigned finds that the Court lacks subject matter jurisdiction over Plaintiff's action and **RECOMMENDS** that the action be **DISMISSED without prejudice**.

## I.     Procedural History

On October 15, 2018, Thomas filed a complaint with this Court, alleging claims against the named Defendants and demanding a trial by jury.  Thomas alleges, in sum,  civil conspiracy, negligence of duty, fraud and discrimination based upon race against all Defendants.[1]

## II.     Analysis

A party invoking federal jurisdiction "bears the burden of showing standing by establishing, inter alia, that they have suffered an injury in fact, i.e., a concrete and particularized, actual or imminent invasion of a legally protected interest." *Lujan v. Defenders of Wildlife,* 112 S.Ct. 2130, 2134 (1992). Previous "cases have established that the irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an 'injury in fact' an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not 'conjectural' or 'hypothetical'… Second, there must be a causal

---

[1] Thomas demands judgment as follows: "1) Actual Damages; 2) Punitive Damages; 3) Attorney's Fees and Cost of this action; 4) Award such other and further relief as it deems just and equitable; and 5) Award Plaintiff monetary civil penalties for violations as alleged in this complaint in an undetermined amount from North Carolina Mutual and Alabama Department of Insurance and an undetermined amount from each official in their personal and official capacity.

connection between the injury and the conduct complained of – the injury has to be 'fairly… traceable to the challenged action of the defendant… Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.' *Id.* at 2136. It is essential that a plaintiff satisfy all three in order to have standing when filing suit. *Ex parte Alabama Educ. Television Com'n* 151 So.3d 283, 287 (Ala. 2013). If a plaintiff fails to satisfy any of the elements, a federal court lacks subject-matter jurisdiction to hear the case and it must be dismissed. *Ross v. AXA Equitble Life Ins. Co.* 115 F.Supp.3d 424 (S.D.N.Y. 2015). "Standing, like jurisdiction, is necessary for any valid legal action. To say that a person has standing is to say that that person is a proper party to bring the action. To be a proper party, the person must have a real, tangible legal interest in the subject matter of the lawsuit." *Moore v. John Hancock Life Ins. Co.* 448

> The real party in interest principle is a means to identify the person who possesses the right sought to be enforced. Therefore, the term directs attention to whether plaintiff has a significant interest in the particular action he has instituted. By way of contrast, capacity is conceived to be a party's personal right to litigate…" 6 C. Wright & A. Miller, Federal Practice and Procedure § 1542 (1971). "Capacity has been defined as a party's personal right to come into court, and should not be confused with the question of whether a party has an enforceable right or interest or is the real party in interest." Id. at § 1559.

*Dennis v. Magic City Dodge, Inc.* 524 So.2d 616, 618 (Ala. 1988).

Thomas states, in sum, that while going through his deceased sister's legal documents, he noticed a letter from Defendant North Carolina Mutual Life Insurance Company ("NCM"). The letter requested a payment on a loan balance taken on a policy owned and insured by Willie Sullen ("Sullen"), Thomas' brother. Sullen, who is

currently incarcerated, informed Thomas "that permission was never given to their sister or NCM to give or receive the loan." (Doc. 1 at 2). Thomas forwarded a letter from Sullen to NCM requesting all documentation relating to the loan process, attempting to transfer ownership and making Thomas the beneficiary. (Doc. 1). Thomas also informed NCM of Sullen's incarceration status. On July 2, 2018, Sullen received a letter from NCM instructing him to send a signed and notarized letter giving NCM permission to authorize the release of information. (Doc. 11 at 7). Thomas maintains that he mailed the notarized letter requesting history of all transactions and request forms for changes to policy, on behalf of Sullen on July 20, 2018.

On August 7, 2018, Thomas received correspondence from NCM informing him that the company was not allowed to share information pertaining to Sullen's policy or make changes without appropriate legal documents "authorizing any non-owner to act on behalf of the owner."[2] (Doc. 11 at 12). After failed attempts to secure certain documents from NCM, Thomas wrote letters to the remaining Defendants expressing his grievances. Thomas maintains that NCM has committed crimes of conspiracy and extortion among other things and that the remaining Defendants failed to provide services based upon the "Alabama Code and that the Alabama DOI "willfully and knowingly assisted North Carolina Mutual in a conspiracy." (Doc. 1 at 4).

Thomas fails to demonstrate that he is a proper party with a legally protected interest in his complaint and motion. Thomas presents correspondence with NCM

---

[2] NCM specifically request Durable Power of Attorney to act on behalf of the Policy Owner or Letters of Conservatorship issued by a court. (Doc. 11 at 12).

seeking information concerning the policy, documentation pertaining to the loan and the transferring beneficiary rights, however, he does not offer evidence to establish standing. Thomas contends that he has standing because he pays the policy's premium and was "given authority as beneficiary."(Doc. 11). However, Sullen is the only individual with the legally protected interest in the policy. Sullen is listed as the policy owner and the insured on all correspondence sent by NCM. Thus, any alleged injury is Sullen's. Thomas is unable to meet the requirement of the first element to establish standing, therefore he is unable meet the requirement of satisfying all three elements.

## III.  Conclusion

In accordance with the foregoing analysis, it is **RECOMMENDED** that Thomas' Motion to Establish Standing (Doc. 11) be **DENIED** and that all of Thomas' claims are **DISMISSED without prejudic**e for failure to state a claim on which relief may be granted.

## IV.  Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); SD ALA LR 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the

provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 6th day of November 2019.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**