IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NOEL THOMAS | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL ACTION NO. 1:18-cv-445-TFM-N |
| NORTH CAROLINA MTUAL LIFE INSURANCE COMPANY, *et al.*, | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

On November 6, 2019, the Magistrate Judge entered a report and recommendation which recommends this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for lack of standing. *See* Doc. 12. Plaintiff timely objected. *See* Doc. 13.

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe a pro se litigant's pleadings, the court does not have "license to serve as de facto counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted). When reviewing a case proceeding pursuant to 28 U.S.C. § 1915, the court should first determine whether the plaintiff is unable to prepay costs and fees and therefore a pauper under the statute. See 28 U.S.C. § 1915(a). Second, once leave has been granted, the court shall dismiss a case by a plaintiff proceeding *in forma pauperis* at any time if it determines that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1491-92 (11th Cir. 1997) (Lay, J. concurring) (Section 1915(e) applies to all litigants proceeding in forma pauperis).

28 U.S.C. § 1915(e)(2)(B) states in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). At any stage of the proceedings, a case is frivolous for the purpose of § 1915(e)(2)(B) when it appears the plaintiff "has little or no chance of success." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (quoting *Harris v. Menendez*, 817 F.2d 737, 741 (11th Cir. 1987)). A court may conclude that a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992) (dismissal of claims when "clearly baseless"). Thus, the court may "spare the defendant the inconvenience and expense of answering a frivolous complaint." *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. 1981).[1] In ascertaining whether a complaint is frivolous under 28 U.S.C. § 1915(e)(2)(B), the Court follows the same standard as it would when determining whether to dismiss an action under Rule 12(b)(6) for failure to state a claim. *Farese v. Scherer*, 342 F.3d 1223, 1230 (11th Cir. 2003). The Court assumes the truth of all plaintiff's allegations for purposes of this determination. *Williams v. Mohawk Industries, Inc.*, 465 F.3d 1277, 1284 (11th Cir. 2006).

A review of Plaintiff's objections establishes that he still fails to address the standing issue beyond mere conclusory statements that he has standing. He does not own the policy at issue and

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

though he may pay the premiums, that does not establish ownership or rights as a beneficiary. Sullen is listed as the policy owner and insured. Therefore, it is **ORDERED** that Thomas' objections are **OVERRULED**.

After due and proper consideration of all portions of this file deemed relevant to the issue raised, and a *de novo* determination of those portions of the Report and Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is **ADOPTED** as the opinion of this Court.

Accordingly, Thomas' Motion to Establish Standing (Doc. 11) is **DENIED** and this case is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Final judgment shall issue separately in accordance with this order and Federal Rule of Civil Procedure 58.

**DONE** and **ORDERED** this 17th day of January 2020.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE